### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| M. COHEN & SONS, INC. | : | CIVIL ACTION |
| v. | : | |
| COHEN IRON WORKS, LLC, et al | : | NO. 11-1843 |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

**AND NOW**, this 24th day of April, 2012, upon consideration of Plaintiff's Motion for Contempt and Sanctions Against Defendants (Doc. 106), the Answer of Richard Cohen and Renee Pearlman (Doc. 109), the parties' Proposed Findings of Fact and supporting memoranda of law (Docs. 116, 117), and after a hearing on March 13, 2012, we make the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1.  On March 22, 2011, a preliminary injunction enjoining the defendants from using the name "Cohen Iron Works" or any similar name was entered (Doc. 14).

2.  On January 26, 2012, the defendants were permanently enjoined from using the name Cohen Iron Works or any similar name (Doc. 95).

3.  On February 24, 2012, we found that Richard Cohen violated the January 26, 2012 Order by redirecting Internet traffic from several domain names, including cohenironworks.com, to his business's website (Doc 105).

### YouTube Video

4.  On May 18, 2011, defendant Richard Cohen, either himself or through a marketing firm, uploaded a video on YouTube titled "VIDEO0001" under the user name "CohenIronWorks."

5. The thirty-seven second video shows Richard Cohen working at the M. Cohen & Sons, Inc. ("MCS") workshop.

6. Richard Cohen did not attempt to remove the video after entry of the January 26, 2012 Order (Doc. 95).

7. After entry of the February 24, 2012 Order (Doc. 105), Richard Cohen unsuccessfully attempted to remove the video by contacting YouTube.

8. MCS's expert was also unable to remove the video.

9. YouTube and Google removed the video on April 2, 2012.

## Twitter Account

10. Twitter is a social networking website sometimes used by businesses to promote their products/services.

11. Working with his information technology advisor, Richard Cohen created the Twitter "handle" or account "@cohenironworks."

12. As late as March 2, 2012, the profile name associated with the account was "Renee Pearlman."

13. Richard Cohen controls the account.

14. On February 29, 2012, MCS demanded that the defendants discontinue the account.

15. Defense counsel replied on March 2, 2012 that "Renee will discontinue the Twitter account @cohenironworks today."

16. Instead of discontinuing the account, Richard Cohen changed the user name from Renee Pearlman to "Guy Staple," a fictional person.

17. The account remains active under Richard Cohen's control.

18. As of the date of the hearing, the account did not "follow" any other Twitter account and does not have any "tweets" or "followers."

## Manta Account

19. Manta.com posts profiles of small businesses. The website allows people to claim company profiles by completing a registration form.

20. The profile owner may add company information, such as links, to the company website and email address.

21. It appears that in early 2011, Richard Cohen claimed the "Cohen Iron Works" profile.

22. MCS objected to the profile on March 31, 2011.

23. At Richard Cohen's request, Manta removed his registration, thus permitting any Manta.com user to claim the Cohen Iron Works profile.

24. As of February 29, 2012, the profile remained unclaimed, but it contained Richard Cohen's company address and phone number.

25. The profile did not include links to a website or an email address.

26. On February 29, 2012, MCS again objected to the profile, claiming that Richard Cohen re-listed the name Cohen Iron Works on Manta.com in violation of the January 26, 2012 Order (Doc. 95).

27. On March 2, 2012, defense counsel replied that they were requesting Manta to discontinue use of the page.

28. Sometime after MCS's second objection, Richard Cohen reclaimed the Cohen Iron Works profile.

29. Richard Cohen changed the company profile by removing his address and

Case 2:11-cv-01843-TJS   Document 122   Filed 04/24/12   Page 4 of 5

phone number, and adding the fictitious name "Guy Staple" and links to a Google search of "Cohen Iron Works" and the email address "helpwantedbyme@hotmail.com."

30. Richard Cohen has access to the email address.

31. Richard Cohen deliberately and intentionally reclaimed the Cohen Iron Works profile and added one of his email addresses.

## **CONCLUSIONS OF LAW**

1. Pursuant to Federal Rule of Civil Procedure 70(e) and the inherent powers of the court, we have authority to hold a party in contempt for violating a court order.

2. To hold a party in contempt, we must find that: (1) a valid court order existed; (2) the nonmoving party had knowledge of the order; and (3) the nonmoving party disobeyed the order. *F.T.C. v. Lane Labs-USA, Inc.*, 624 F.3d 575, 582 (3d Cir. 2010) (quoting *Marshak v. Treadwell*, 595 F.3d 478, 485 (3d Cir. 2009)).

3. The moving party must prove these elements with clear and convincing evidence. *Id.* (quoting *John T. v. Del. Cnty. Intermediate Unit*, 318 F.3d, 545, 552 (3d Cir. 2003)).

4. Ambiguities are resolved in favor of the party charged with contempt. *Id.* (quoting *John T.*, 318 F.3d at 552).

5. The moving party need not prove that a violation was willful. *Id.* (citations omitted). Accordingly, evidence that the nonmoving party acted in good faith does not preclude a finding of civil contempt. *Id.* (quoting *Robin Woods, Inc. v. Woods*, 28 F.3d 396, 399 (3d Cir. 1994)).

6. Sanctions for civil contempt serve to coerce the nonmoving party into compliance with our orders and to compensate the moving party for losses sustained by

the disobedience.  *Marshak*, 595 F.3d at 494 (quoting *Robin Woods, Inc.*, 28 F.3d at 400).

7. We have broad discretion to fashion a sanction to achieve remedial relief. *John T.*, 318 F.3d at 554 (citing *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 193-94 (1949)).

8. Posting the video of Richard Cohen on YouTube under the "CohenIronWorks" username constituted use of the name Cohen Iron Works in violation of the March 22, 2011 Order (Doc. 14).

9. Richard Cohen's maintenance of the "@cohenironworks" Twitter account constitutes use of the name Cohen Iron Works in violation of the permanent injunction entered on January 26, 2012 (Doc. 95).

10. By reclaiming and maintaining the "Cohen Iron Works" profile on Manta.com., Richard Cohen violated the injunction.

11. Richard Cohen's conduct with regard to the Manta account was intentional and willful.

          /s/ Timothy J. Savage
          TIMOTHY J. SAVAGE,  J.